[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 14, 1994, in a foreclosure action brought by Tolland Bank against Woodmar Builders, Inc., plaintiff's motions to substitute bonds for two (2) mechanic's liens were granted by the court after a hearing thereon. Because Attorney Richard Cromie, representing the lienholders, wanted the bonds to reflect that they apply specifically to any judgment the lienor(s) may obtain against Woodmar Builders, Inc., the court ordered, without apparent objection, that such language be added to the bonds, and, consequently, such addition was made to each bond.
The lienors, now the plaintiffs in the above-entitled actions, have brought said actions to collect on the bonds. Tolland Bank, the principal on each bond, has submitted affidavits from its attorney, Roger C. Boe, that if a judgment is entered on Count One of each complaint without otherwise testing the validity of the liens (i.e. priority, equity in the premises to satisfy such liens), the sureties, nonetheless, intend to pay on such bonds based upon a judgment on breach of contract on Counts One only because of the aforementioned additional language.
The sureties intent to do so is a misreading of the bond. The bond is to be paid only on . . . "such amount as a court of competent jurisdiction may adjudge to have been secured by suchlien . . ." emphasis added. This is the same language that appears in Connecticut General Statutes § 49-37(a).
Based upon the reading of the transcript of the November 14th hearing as well as the court's own recollection, the intent of the parties was clearly to litigate the validity of the lien as to how much has been secured by the lien before any payment is to be made. The transcript is replete with remarks by both Attorney Philips and CT Page 11835 Attorney Cromie that support that intent.
The bond, without the added language, clearly tracks the statute § 49-37(a) and, furthermore, makes clear reference to the specific mechanic's liens that are in favor of the lienors. There is, therefore, no need for the additional language that was inserted, and it should be deleted particularly in view of the sureties' interpretation of the bond. Also, said language not appearing in the statute and being added may well be a violation of the statute. Accordingly, the language "This Bond is specifically to apply to any judgment the obligee lienor may obtain against Woodmar Builders, Inc." is hereby ordered deleted from each of the subject bonds.
At the same time, since the bonds do refer to specific mechanic's liens against Woodmar Builders, Inc., the bonds should be paid if there is a judgment or judgments for the plaintiffs against Woodmar Builders, Inc. but only if the plaintiffs herein can prove that the amount thereof or part of said judgment(s) was validly secured by said mechanic's liens.
The court on October 12, 1995 did enter judgment on behalf of the plaintiffs against Woodmar Builders, Inc. with a stay of execution until a court decision after the hearing on the validity of the liens as aforementioned.
The court hereby orders that a hearing be scheduled on the validity of the liens as aforementioned.
Rittenband, J.